## INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, DISTRICT LODGE 190, LOCAL LODGE 1414, Petitioner,

v.

## NATIONAL LABOR RELATIONS BOARD, Respondent.

### No. 86–7672.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 1987.

Decided Sept. 4, 1987.

David A. Rosenfeld, San Francisco, Cal., for petitioner.

Howard E. Perlstein and Christopher W. Young, Washington, D.C., for respondent.

Before WRIGHT, FARRIS and THOMPSON, Circuit Judges.

FARRIS, Circuit Judge:

We affirm for the reasons stated in National Labor Relations Board Order, 28 NLRB No. 101. The question presented by the appeal is whether the NLRB correctly applied the law and whether the record substantially supports its finding that the employer did not attempt to deal directly with its employees. *See Hotel, Motel and Restaurant Employees v. NLRB*, 785 F.2d 796, 798 (9th Cir.1986). Although questions of law are reviewed *de novo*, considerable deference should be given to the Board's expertise in the construction and application of labor laws. *Id.* at 798. The NLRB's findings of fact are final rules unless they are not supported by substantial evidence in the record.

We recognize the obligation of an employer to bargain in good faith with the representative chosen by its members. *NLRB v. Pratt and Whitney Air Craft Div.*, 789 F.2d 121, 134 (2d Cir.1986). This obligation does not preclude the employer from communicating its position to its employees. *Pratt*, 789 F.2d at 134. This right to communicate is not unlimited. The fundamental inquiry is whether the employer chose to deal with the union through the employees rather than with the employees through the union. *Id.* The union argues that the employer made a promise

---

and issued a threat during its communication to the workers. What was said is not disputed. We examine the communication not in a vacuum but under all of the circumstances then present. Our review of the record confirms that the NLRB understood and properly applied controlling authority to the facts. The record supports its factual findings.

AFFIRMED.